**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 20, 2021[*]
Decided April 23, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-2065

| | |
|---|---|
| TIMOTHY BELL, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 20-4003 |
| | |
| JENNIFER BLAESING, | James E. Shadid, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Timothy Bell, a civil detainee at the Rushville Treatment and Detention Facility, in Rushville, Illinois, believes that a health-care administrator there prevented him from obtaining adequate medical care after a dentist broke two of his teeth. The district court screened his complaint, *see* 28 U.S.C. § 1915(e)(2), and dismissed it for failure to state a

---

[*] The defendant was not served with process and is not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

claim. Because Bell's allegations against the administrator amount, at most, to negligence, we affirm.

According to Bell, whose factual allegations we accept as true for purposes of this appeal, *see Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020), a facility dentist broke two of his teeth during a procedure to treat his gum disease. Bell filed a grievance over the dentist's failure to remove the roots from the broken teeth, and he asked to see another dentist outside the facility. Rushville's health-care administrator, Jennifer Blaesing, summoned Bell to the facility's dental office, where she reviewed his X-rays, examined his mouth and, finding no broken teeth or roots left behind, concluded that he did not need dental care outside Rushville. Bell sued Blaesing, alleging that her handling of his complaints amounted to deliberate indifference and medical malpractice.

The district court, construing Bell's allegations under the Fourteenth Amendment (because he was a civil detainee, *see Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015)), dismissed his complaint at screening for failure to state a claim. *See* § 1915(e)(2). Bell, the court determined, failed to (1) provide a time frame for his allegations; (2) allege more than that he disagreed with Blaesing's opinion; (3) explain how Blaesing, in her capacity as an administrator, could order medical care or approve an appointment with a provider outside Rushville; and (4) support a state medical-malpractice claim by supplementing his complaint with an affidavit that contained the requisite information under Illinois law, *see* 735 ILCS § 5/2-622(a). Finally, the court pointed out, Bell already had a pending federal case against the facility dentist who, he says, broke his teeth, *see Bell v. Mitchell*, No. 19-4192 (C.D. Ill. 2019), and he would do better to seek leave to amend his complaint in that case, which was in the initial stages of discovery.

On appeal, Bell argues that the district court prematurely dismissed his complaint because Blaesing, a non-medical professional, lacked the qualifications to examine him, so any conclusions she reached based on that examination amounted to deliberate indifference. We note that, as a civil detainee, Bell needed to plead only that Blaesing's care was objectively unreasonable rather than deliberately indifferent. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015); *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

The district court appropriately dismissed Bell's complaint for failure to state a claim. To state a claim of constitutionally inadequate medical care, Bell needed to allege

that Blaesing "acted purposefully, knowingly, or perhaps … recklessly when [she] considered the consequences of [her] handling of [his] case." *Miranda*, 900 F.3d at 353. But Bell alleged that she reviewed his x-rays, examined his teeth, and "reached the wrong conclusion" that his condition did not necessitate treatment beyond the facility. Even if her judgment was mistaken, Bell's allegations highlight a difference in opinion over the course of treatment—a standard that suggests only negligence, which is not a constitutional violation. *Id.* at 353–54; *see Murphy v. Wexford Health Sources, Inc.*, 962 F.3d 911, 917 (7th Cir. 2020).

AFFIRMED